UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 23-24163-CV-RAR

XYZ CORPORATION,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A",

Defendants.
_____/

**[proposed] ORDER GRANTING PLAINTIFF XYZ CORPORATION
MOTION TO PROCEED UNDER PSEUDONYM AND TO FILE UNDER SEAL**

THIS CAUSE comes before the Court upon Plaintiff's *Ex-Parte* Motion for Leave to File Under Seal and to Temporarily Proceed Under Pseudonym ("Motion") (ECF No. 4). The Court has reviewed the motion and is otherwise duly advised. For the reasons discussed below the Motion is GRANTED.

Plaintiff has filed the Complaint in the instant case alleging patent infringement from e-commerce sellers that manufacture, market, solicit, distribute, offer for sale and/or display content infringing on Plaintiff's registered patent through various e-commerce platforms, including but not limited to Amazon, Walmart, Aliexpress and others [ECF No. 1]. In its Motion, Plaintiff notes that a Chinese website known as "SellerDefense" monitors recently filed counterfeit-enforcement lawsuits in this district, identifies the law firm and parties involved, posts pleadings, all in an effort to aid the defendants in undermining the plaintiff's efforts of enforcing their U.S. intellectual property rights, including changing Defendant payment processors.

1

Currently, Plaintiff's counsel is featured on the Chinese SellerDefense website regarding a similar intellectual property infringement lawsuit filed in the Southern District of Florida. *See Yizhou v. Defendants, Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A*, No. 22-cv-23558-RNS (S.D. Fla. November 1, 2022). SellerDefense posted on its website material that had been filed under seal in this District to warn defendants that plaintiff in that matter was freezing assets.  *See* https://sellerdefense.cn/african-american-girl-1129/ (last visited November 6, 2023).

Plaintiff therefore argues that it should be permitted to temporarily proceed under a pseudonym in this lawsuit until Defendants' Internet stores and financial accounts are restrained. Plaintiff maintains that, based on counsel's experience in cases with similar facts, defendants who knew of other plaintiffs' true identities evaded prosecution by blocking access to their websites in the United States, closing their online stores and opening new stores under different identities, and transferring assets into different financial accounts.

Plaintiff also seeks to file documents under seal until Defendants are served with the temporary restraining order.

Pursuant to Local Rule 5.4(b) and (d), Southern District of Florida, this Court may grant leave to file documents under seal and by *ex parte* request where the moving party: sets forth the factual and legal basis for departing from the policy that Court filings are public, describes the information or documents to be sealed (the "proposed sealed material") with particularity, and specifies the proposed duration of the requested sealing.  The public generally has a right of access to judicial records, but the right to access can be overcome by a showing of good cause, which "balances the asserted right of access against the other party's interest in keeping the information

confidential." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001).

Furthermore, while not expressly permitted under Federal Rule of Civil Procedure 10(a), in exceptional cases courts have allowed a party to proceed anonymously. *Doe v. Megless*, 654 F. 3d 404 (3d Cir. 2011). The Eleventh Circuit held, Fed. R. Civ. P. 10 (a) "protects the public's legitimate interest in knowing all the facts involved, including the identity of the parties" but the rule is not absolute, and a party may proceed under a pseudonym only in exceptional cases. *Plaintiff B v. Francis*, 631 F. 3d 1310, 1315 (11th Cir. 2011). However, under certain special circumstances parties are allowed to use fictitious names. *Id*. at 1320.

The Eleventh Circuit has established a totality-of-the-circumstances test to determine whether a plaintiff may proceed anonymously. *Id.* at 1247 n.5. The plaintiff must establish "a substantial privacy right [that] outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings." *Id.* at 1247 (quoting *Plaintiff B*, 631 F.3d at 1315–16). The court "should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* (quoting *Plaintiff B*, 631 F.3d at 1316). The first step is three prongs: whether the plaintiff "(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Id.* (citing *Plaintiff B*, 631 F.3d at 1316). Two other factors to consider include whether the plaintiff "faces a real threat of physical harm absent anonymity" and whether the plaintiff's "requested anonymity poses a unique threat of fundamental unfairness to the defendant." *Id.* (citations omitted).

3

Here, regarding the first step, none of the three prongs apply. This suit does not involve government activity or Plaintiff's illegal conduct. Nor can it be said that Plaintiff's disclosure of its real name in this patent suit constitutes "information of utmost intimacy," which generally involves issues of birth control, abortion, homosexuality, welfare rights of illegitimate children or abandoned families, personal religious beliefs, and some cases of explicit sexual conduct. *See Plaintiff B*, 631 F.3d at 1316, 1317; *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979). It is also undisputed that Plaintiff faces no threat of physical harm absent anonymity.

The last express factor is whether anonymity results in a "unique threat of fundamental unfairness" to Defendants. *See In re: Chiquita Brands Int'l, Inc.*, 965 F.3d at 1247. For example, "the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm." *S. Methodist Univ. Ass'n*, 599 F.2d at 713. In this case, the Court finds that there is no threat of fundamental unfairness to Defendants in allowing Plaintiff to temporarily proceed under a pseudonym. To the contrary, it is Plaintiff that potentially suffers economic harm and damage to its reputation by allowing Defendants—whose personal identities are essentially unknown—to become aware of Plaintiff's identity early enough to allow them to destroy online evidence or evade prosecution.

If Defendants discover Plaintiff's identity, they will act in concert to thwart enforcement of Plaintiff's intellectual property rights. Plaintiff requests to temporarily proceed under a pseudonym in this action until Defendants' e-commerce stores and financial accounts are restrained. These assertions are based on plaintiff information shared on Chinese chats and websites such as SellerDefense dealing exclusively with violations of intellectual property, including in this very District.

4

The Court has reviewed the motion and is otherwise duly advised. Accordingly, it is hereby ORDERED and ADJUDGED as follows:

1. Plaintiff Motion (ECF No. 4) is **GRANTED**.

2. The Plaintiff is permitted to temporarily proceed under a pseudonym. Plaintiff shall reveal its actual name and shall move to unseal all sealed documents once Defendants have been served with the temporary restraining order, if granted, and once Plaintiff has obtained confirmation from third party payment processors and online marketplaces that assets have been restrained.

3. Plaintiff may file the documents below under seal, and these documents will remain under seal until further order of the Court.

   (i) Plaintiff's Amended Complaint, which will identify and include additional allegations regarding Plaintiff.

   (ii) Schedule "A" to the Amended Complaint which lists with specificity the defendants, individuals, partnerships, and unincorporated associations in Plaintiff's Complaint as Exhibit 2;

   (iii) Copies of Plaintiff's patent registration with relevant samples attached to the Amended Complaint as Exhibits 1;

   (iv) Web page captures of the Defendants' infringing e-commerce listings subject of Plaintiff's IP infringement claim;

   (v) Summons;

   (vi) Plaintiff's *Ex Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets and Incorporated Memorandum of Law and its accompanying Declarations, including by Plaintiff's representative and Humberto Rubio, Esq. and Proposed Order;

   (vii) Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) and Incorporated Memorandum of Law and its accompanying Declarations (including by Humberto Rubio, Esq.) and Proposed Order.

(viii) Plaintiff's Motion for Leave to Conduct Expedited Third Party Discovery and Memorandum of Law and Proposed Order.

**DONE AND ORDERED** in Miami, Florida on this _____ day of November, 2023.

_____
Judge Rodolfo A. Ruiz II
United States District Court Judge

cc: Counsel of Record