IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

---------------------------------X

XYZ Corporation

        Plaintiff,

   -against-

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

        Defendants.

---------------------------------X

Case No. 1:23-cv-24163-RAR

**MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER**

COMES NOW, Defendant, LeeNabao (hereinafter "LeeNabao"), through its attorneys, and moves this Court to dissolve the Temporary Restraining Order ("TRO") against LeeNabao because the 'D826 Patent is likely to be invalid as being anticipated by prior art references and Plaintiff's TRO failed to comply with Rule 40.2, Rule 11(b)(1), Rule 11(b)(2) and/or Rule 11(b)(3) of Title 28 – Judiciary and Judicial Procedures. In support of this Motion, Defendant LeeNabao states as follows:

**I.      STATEMENT OF FACTS**

On or about February 15, 2023, Plaintiff filed a U.S. Design Patent Application which matured into U.S. Patent No. D995826 S, entitled "Candle Warmer Lamp" ("the 'D826 Patent"), on August 15, 2023. However, identical or near identical designs of Candle Warmer Lamps existed more than one year before the February 15, 2023 filing date of the 'D826 Patent. Plaintiff did not disclose these pre-existing designs of Candle Warmer Lamps to the patent examiner during the pendency of the 'D826 Patent.

On October 16, 2023, a third-party filed a request for reexamination ("the Reexamination Request") with the United States Patent and Trademark Office ("USPTO") and served the

1

Reexamination Request on Plaintiff. (Exhibit A). The Reexamination Request listed at least eleven prior art references ("Prior Art Reference 1-11," respectively) disclosing Candel Warmer Lamps which are identical or near identical to that claimed in the 'D826 Patent. Prior Art Reference 1 was from a seller – FAKEME with a 11/19/2021 Amazon e-store publication date, more than one year before the filing date of the 'D826 Patent. A direct comparison of the Candle Warmer Lamp from FAKEME with that of the 'D826 Patent are shown below:



(US D995/826 S)                    FAKEME reference)

Prior Art Reference 1 anticipates the claim of the 'D826 Patent under 35 U.S.C. Sec. 102. (see pages 2-3 of Exhibit A). Prior Art References 2-11 show similar disclosures to either anticipate the claim of the 'D826 Patent under 35 U.S.C. Sec. 102 or render the patent claim obvious under 35 U.S.C. Sec. 103.

Knowing the anticipating prior art references, Plaintiff filed the present legal action to enforce the 'D826 Patent on October 31, 2023, without notifying this Court the earlier pending Reexamination Request of the 'D826 Patent at the USPTO. Based on Plaintiff's mis-information

and noncompliance with Rule 40.2 and Rule 11(b) in the *ex parte* proceeding, Plaintiff managed to get a TRO against LeeNabao to freeze its e-store and its bank accounts without any notice, causing tremendous damages to LeeNabao.

## II.     LEGAL STANDARD FOR TEMPORARY RESTRAINING ORDER

The standard for obtaining a temporary restraining order and a preliminary injunction is the same. *United States v. DBB.Inc.*.180F.3d 1277,1284(11th Cir.1999). The party seeking injunctive relief must show that; (1) there is a substantial likelihood that plaintiff may prevail on the merits; (2) there is a substantial threat that plaintiff will suffer irreparable injury if interlocutory injunctive relief is not granted; (3) the threatened injury to Plaintiff outweighs any threatened harm an injunction may do to defendant, and (4) the grant of the injunctive relief will not disserve the public interest. See *McDonald's Corp. v. Robertson*, 147F.3d 1301,1306(11th Cir.1998) (citing *All Care Nursing Servs. Inc. v. Bethesda Memorial Hosp.. Inc*, 887 F.2d 1535,1537(11th Cir.1989).

## III.     ARGUMENTS

Based on evidence hid by the Plaintiff from this Court and disclosed herein by LeeNabao, Plaintiff cannot satisfy the first requirement of obtaining/maintaining its TRO because there is a substantial likelihood that the 'D826 Patent will be invalidated and Plaintiff's claims against LeeNabao will fail on the merits.

LeeNabao presents extensive evidence to show that Plaintiff's *ex parte* Motion for TRO does not meet the case law standard for TRO established in *United States v. DBB.Inc.* Plaintiff's Motion for TRO also failed to comply with the disclosure requirements of directly related cases under Title 28 – Judiciary and Judicial Procedures, Rule 40.2, and failed to comply with presentation of meritorious claims requirements under Rule 11(b).

Rule 40.2(a)(1)(B) specifically requires that "[A]t the time a complaint is filed, the filing attorney (or *pro se* plaintiff) shall file and serve on all parties who have appeared a Notice of Directly-Related Case(s). Cases are deemed directly related when an earlier-filed case and the action being filed … involve the same contract, property or patent."

The Reexamination Request was filed with the USPTO on the 'D826 Patent on October 16, 2023, prior to the filing date of the present action on October 31, 2023.  Plaintiff and its counsels have Rule 40.2 obligations to notify this Court the Reexamination Request at the USPTO on the 'D826 Patent.  Plaintiff and its counsels seemed to deliberately ignore their Rule 40.2 obligations to disclose the Reexamination Request.

Moreover, the eleven prior art references from the Reexamination Request disclosed identical or near identical candle warmer lamps identical or near identical to that claimed in the 'D826 Patent and would likely render the "D826 Patent invalid.  Had the Plaintiff and its counsels complied with Rule 40.2 requirement to disclose the likelihood of invalidation of the 'D826 Patent in the USPTO Reexamination, this Court would not have issued the TRO in the first place.

Based on these identical/near identical disclosures of Candle Warmer Lamps in prior art references, the '826 Patent is very likely to be invalidated.  By solely relying on a likely invalid patent as the ground for its TRO, Plaintiff also failed to meet the "nonfrivolous claim" requirements of Rule 11(b)(3).  For the same reasons, Plaintiff's Motion for TRO also fail to meet the requirements of Rule 11(b)(1) and Rule 11(b)(2).

Moreover, the threatened injuries to Defendant far out-weigh those to Plaintiff as Defendant's e-store and its bank accounts are frozen, without any recourse while Plaintiff may

continue its legal action for damages in the unlikely event that the '826 Patent is maintained over numerous identical prior art disclosures.

In addition, dissolving the TRO will serve the public interest by discouraging patent owners to enforce invalid patent and discouraging violations of Federal Court Rules, such as Rule 40.2, Rule 11(b)(1), Rule 11(b)(2) and Rule 11(b)(3).

## IV.     CONCLUSION

In view of the foregoing, Defendants' Motion to Dissolve the TRO must be granted because the Plaintiff is unlikely to succeed on the merits based on identical or near identical disclosures in prior art references to invalidate the 'D826 Patent, the threatened injuries to Defendant far out-weight those to Plaintiff and dissolving the TRO will serve the public interest.

Dated: 12/29/2023

Respectfully submitted,

/s/ Shanshan Liang
Shanshan Liang
Fla. Bar No. 112991
**LIANG+MOONEY, PLLC**
sliang@customscourt.com
2104 Delta Way, Suite #1
Tallahassee, FL 32303
Tel: (850) 893-0670

Lance Liu, Esq.
15 Minuteman Circle
Southbury, CT 06488
Email: lanceliu2000@gmail.com
Phone: (203)706-9536
*Admitted Pro Hac Vice*

*Attorneys for LeeNabao*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Pursuant to Rule 65(b)(4) of Fed. R. Civ. P., undersigned counsel has provided sufficient notice to counsel for Plaintiff. Plaintiff has not indicated its position. S.D. FL. L.R. 7.1(a)(3) is therefore complied with.

/s/ Shanshan Liang

Shanshan Liang, Esq.
**LIANG + MOONEY, PLLC**

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2023, a true and correct copy of the foregoing was filed and served via CM/ECF on all Parties/Counsel of Record.

/s/ Shanshan Liang
Shanshan Liang
**LIANG+MOONEY, PLLC**